# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

_____

| | |
|---|---|
| NANCY TALBOT, | CV 12-48-M-DLC-JCL |
| Plaintiff, | ORDER, and |
| | FINDINGS AND |
| vs. | RECOMMENDATIONS |

JOE CHEEVERS; LINCOLN COUNTY
COMMISSIONERS; LINCOLN COUNTY
JUSTICE SYSTEM (JUSTICE AND
DISTRICT COURTS); LINCOLN COUNTY
SHERIFF'S DEPARTMENT; LINCOLN COUNTY
ATTORNEYS' OFFICE; TOM HARMOND,
State Brand Inspector; STATE BRAND
INSPECTORS' OFFICE; STORMY LANGSTON,
Justice Court Judge; TERRY UTTER,
former Justice Court Judge; JUDGE PREZEAU;
JUDGE WHEELIS; and MONTANA SUPREME COURT,

Defendants.

_____

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff Nancy Talbot, appearing pro se in this action, filed a Motion to

Proceed In Forma Pauperis.  Talbot submitted a declaration that makes the

showing required by 28 U.S.C. § 1915(a).  Because it appears she lacks sufficient

funds to prosecute this action, **IT IS HEREBY ORDERED** that Talbot's Motion

to Proceed In Forma Pauperis is **GRANTED**.  This action may proceed without

1

prepayment of the filing fee, and the Clerk of Court is directed to file Talbot's

lodged Complaint as of the filing date of her request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is

permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

screening of the allegations set forth in the litigant's pleading.  The applicable

provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have
> been paid, the court shall dismiss the case at any time if the court determines
> that–
>
> > (A) the allegation of poverty is untrue; or
>
> > (B) the action or appeal–
>
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune
> > > from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Talbot's pleading to consider whether this action can

survive dismissal under the provisions of section 1915(e)(2), or any other

provision of law.  *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th

Cir. 2005).

## II.  BACKGROUND

This 42 U.S.C. § 1983 action has its genesis in the purported 2003 theft and abuse of Talbot's horse by Defendant Joe Cheevers.  Talbot also names as defendants:  the Lincoln County Commissioners, Courts, Sheriffs Department, and County Attorneys Office, two Justices of the Peace, two Montana State District Court Judges, the Montana Supreme Court, and last, but not least, the State Brand Inspector's Office.  In short, Talbot charges the governmental defendants with dereliction of their respective duties in failing to investigate and prosecute the alleged horse thief Cheevers or to allow Talbot to obtain appropriate compensation from Cheevers.  The Court construes Talbot's complaint as advancing claims under both 42 U.S.C. § 1983 — for alleged violations of her civil rights — and Montana substantive law.

For the reasons detailed below, Talbot's complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii).

## III.  APPLICABLE LAW

As stated, 28 U.S.C. § 1915(e)(2)(B)(ii) requires dismissal of an action that "fails to state a claim" for relief.  The statute employs the same standard that the courts use in considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for

failure to state a claim upon which relief can be granted.  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts "to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).  The court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to Talbot.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## IV.  DISCUSSION

Because Talbot is proceeding pro se the Court must construe her pleading liberally, and it is held "to less stringent standards than formal pleadings drafted by lawyers[.]"  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

4

Liberally construing Talbot's allegations, the Court finds her claims implicitly allege that Defendants violated her civil rights protected under the United States Constitution. So construed, the claims could be cognizable, if at all, under 42 U.S.C. § 1983 which permits a plaintiff to present claims against state officials or employees acting under color of state law for allegedly depriving the plaintiff of a federal right. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). For the reasons discussed, however, none of Talbot's section 1983 claims are viable.

### A.  Eleventh Amendment Immunity - State Courts

Talbot cannot maintain her legal claims advanced against Defendants Montana Supreme Court and the "Lincoln County Justice System (Justice and District Courts)." Those entities are immune from suit in federal court under the Eleventh Amendment to the United States Constitution.

"The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)). The Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another

5

State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).  Consequently, absent

waiver of this Eleventh Amendment immunity, neither a state, nor governmental

entities which are considered "arms of the state," may be subject to suit in federal

court.  *Will v. Michigan Department of State Police*, 491 U.S. 58, 70 (1989).

Significantly, and as applied to Talbot's claims, state courts are "arms of the state"

for purposes of the Eleventh Amendment.  *Simmons v. Sacramento County*

*Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (citing *Greater Los Angeles*

*Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (1987)).

 "In deciding whether a State has waived its constitutional protection under

the Eleventh Amendment, [a federal court] will find waiver only where stated 'by

the most express language or by such overwhelming implications from the text as

(will) leave no room for any other reasonable construction.'" *Edelman*, 415 U.S.

at 673 (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

 Here, no express waiver of the State of Montana's Eleventh Amendment

immunity exists in the law of Montana.  Montana's limited waiver of immunity for

tort actions in its own courts, as set forth in Article II, Section 18 of Montana's

Constitution and Mont. Code Ann. §§ 2-9-101 et seq., does not constitute a waiver

of the State's Eleventh Amendment immunity.  *State of Montana v. Peretti*, 661

6

F.2d 756, 758 (9ᵗʰ Cir. 1981) and *Ward v. Montana State Prison*, 2008 WL

564692, *3 (D. Mont. 2008).

In accordance with the foregoing legal authority, Defendants Montana

Supreme Court and the Lincoln County Justice System (Justice and District

Courts) are "arms of the state."  Therefore, the immunity established by the

Eleventh Amendment bars Talbot's claims against those entities.

### B. State Brand Inspectors' Office

Talbot identifies the State Brand Inspectors' Office in Helena, Montana, as

a Defendant in this lawsuit.  But she does not advance any factual allegations

describing that entity's role in the subject of this action.  Nonetheless, Talbot

cannot sustain any claim for relief against the State Brand Inspectors' Office in

this lawsuit.

As discussed, the Eleventh Amendment immunity doctrine bars suits in

federal court against governmental entities which are considered "arms of the

state."  Thus, Talbot's suit against the State Brand Inspectors' Office is barred.

Furthermore, section 1983 requires that the defendant must be a "person"

acting under color of state law.  However, neither the State of Montana nor its

agencies are "persons" within the meaning of § 1983.  *Will v. Michigan*

*Department of State Police*, 491 U.S. 58, 71 (1989).  Consequently, Talbot's

claims advanced under § 1983 against the State Brand Inspectors' Office fail to state a claim on which relief may be granted.

### C. **Judicial Immunity**

Talbot alleges that Judges Prezeau, Wheelis, Utter, and Langston refused to recover her horse for her, and declined to grant her any judicial relief in the courts in Libby, Lincoln County, Montana.[1]   These Judges, however, are immune from liability on Talbot's claims.

Judges are "absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).  *See also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  The doctrine of judicial immunity provides an immunity from suit, not just from an assessment of damages.  *Mireles*, 502 U.S. at 11.  Exceptions to judicial immunity exist only where the judge's actions were not taken in the judge's judicial capacity (*Mireles*, 502 U.S. at 11), or where the judge has acted "in the 'clear absence of all jurisdiction[.]' "  *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) and *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)).

---

[1]Although Talbot identifies Judge Wheelis as a party to this lawsuit, she does not advance any factual allegations identifying any conduct in which Judge Wheelis engaged, or implicating any wrongdoing committed by him.

Talbot's allegations suggest only that she is dissatisfied with the results of her efforts to obtain relief through judicial proceedings in the Justice and District Courts in Libby. A judge's role in presiding over judicial proceedings requires the judge to engage in conduct "normally performed by a judge" with respect to parties who have "dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Talbot's allegations merely allude to judicial rulings and actions that qualify as normal "judicial acts" committed by the four Judges in their judicial capacities. Therefore, the individual Judges are entitled to immunity from suit in this case.

The Court recognizes judicial immunity does not always extend to claims for injunctive or declaratory relief. "[J]udicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984).

Here, Talbot requests equitable relief be imposed against all Defendants generally, including the Judges. Talbot's specific prayers for relief request that all Defendants be removed from office, and be required to provide Talbot with a written apology. She also requests that the circumstances of her situation be published in newspapers.

Even with liberal construction of Talbot's claims for relief, there exists no factual or legal basis for awarding her the relief she requests. Her allegations fail to state a claim on which the requested prospective injunctive relief could be granted.

Based on the foregoing, all of Talbot's claims against Judges Prezeau, Wheelis, Utter, and Langston should be dismissed.

### D. Lincoln County Defendants and Tom Harmond

The remaining Defendants against whom Talbot's claims under section 1983 could be advanced are the Lincoln County Commissioners, the Lincoln County Sheriff's Department, and the Lincoln County Attorneys' Office (collectively referred to as "Lincoln County Defendants"), and Tom Harmond, a brand inspector. For the reasons discussed, however, Talbot's allegations against these Defendants fail to state any claim for relief under section 1983.

As with individual state officials like Defendant Tom Harmond, county or local governmental entities, such as the Lincoln County Defendants, also qualify as "persons" within the meaning of 42 U.S.C. § 1983, and can be sued for damages under that statute. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978). A plaintiff must demonstrate that the county entity itself acted deliberately or culpably, and that there is a direct causal link between the county's action and

10

the deprivation of federal rights.  *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403-404 (1997); *Monell*, 436 U.S. at 694.

A local governmental entity can be subject to liability under *Monell* and § 1983 only if "a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights."  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).  *See also Monell*, 436 U.S. at 693-94.

> [I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 694.  Finally, a local governmental entity may be liable if it has a "policy of inaction and such inaction amounts to a failure to protect constitutional rights."  *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) (citations omitted).

The substance of Talbot's allegations asserts that the Lincoln County Defendants,[2] and Harmond as an individual state actor, are liable for failing to

---

[2]Solely for purposes of analyzing whether Talbot's allegations against the Lincoln County Defendants sufficiently state a claim for a violation of any of her constitutional rights, the Court will deem the Lincoln County Commissioners, the Lincoln County Sheriff's Department, and the Lincoln County Attorneys' Office as officials and agents of Lincoln County whose edicts or acts may fairly be said to represent official policy of Lincoln County.  *See Brewster v. Shasta County*, 275 F.3d 803, 812 (9th Cir. 2001) (concluding that under California law the Shasta County Sheriff's Department acted on behalf of Shasta County); *Esquibel v.*

investigate the theft of her horse, and failing to prosecute Defendant Cheevers for
that theft.  As a matter of law, however, that alleged conduct does not constitute a
violation of any of Talbot's rights protected under federal law or the United States
Constitution.

A private citizen has no constitutionally protected right to have state actors
and law enforcement officers conduct a criminal investigation on his or her behalf.
State actors have no affirmative constitutional "obligation to investigate a crime in
a particular way or to protect one citizen from another even when one citizen
deprives the other of liberty [or] property." *Gini v. Las Vegas Metropolitan Police
Dept.*, 40 F.3d 1041, 1045 (9th Cir. 1994) (citing *DeShaney v. Winnebago County*,
489 U.S. 189, 195-96 (1989)).  The United States Constitution does not require
"the State to protect the life, liberty, and property of its citizens against invasion
by private actors." *DeShaney*, 489 U.S. at 195.  Thus, a claim asserting that state
actors conducted an inadequate criminal investigation is not, in and of itself,
sufficient to state a civil rights claim under section 1983.  *Gomez v. Whitney*, 757
F.2d 1005, 1006 (9th Cir. 1985).  *See also Spreadbury v. Hoffman*, 2010 WL

_____

*Idaho*, 2012 WL 1410105, *9 (D. Idaho 2012) (treating the Ada County Sheriff's
Department as a county entity for purposes of § 1983 liability); and *Bodge v.
Trinity County Sheriff's Department*, 2010 WL 4483700, *3 (E.D. Cal. 2010)
(treating county attorney's office as a local governmental unit against which a
section 1983 claim could be advanced).

4607833, *11 (D. Mont. 2010), recommendations adopted by *Spreadbury v. Hoffman*, 2010 WL 4607829 (D. Mont. 2010), affirmed 2012 WL 76900 (9th Cir. 2012).

Similarly, Talbot alleges that the Lincoln County Defendants and Harmond failed to prosecute Cheevers do not rise to the level of a constitutional violation. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Based on the foregoing, Talbot's allegations fail to sufficiently state any viable claim asserting that the Lincoln County Defendants and Harmond violated her constitutional rights. Absent factual allegations that constitute the infringement of a protected constitutional right, a section 1983 claim against either an individual defendant or a local governmental entity necessarily fails. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985); *Johnson v. City of Seattle*, 474 F.3d 634, 638-641 (9th Cir. 2007). Therefore, Talbot's claims against the Lincoln County Defendants and Harmond should be dismissed.

## E.  Joe Cheevers

Talbot identifies Defendant Joe Cheevers as a private citizen of Montana. As a matter of law, however, Talbot cannot maintain a cause of action under 42 U.S.C. § 1983 against Cheevers.

As noted above, section 1983 authorizes claims advanced under federal law, but only against a state official or employee. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). Section 1983 does not generally apply to the conduct of private parties. *Kirtley*, 326 F.3d at 1092. "The state-action element in § 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Caviness v. Horizon Community Learning Center, Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *American Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Here, Talbot's allegations establish only that Cheevers is a private individual, not a state actor. Therefore, to the extent Talbot's allegations can be construed as advancing a federal claim against Cheevers under section 1983, the claim cannot be sustained and should be dismissed.

## F.  Supplemental Jurisdiction Over Talbot's State Law Claims

Based on the foregoing, the Court concludes that all of Talbot's federal claims under 42 U.S.C. § 1983 should be dismissed. Therefore, the Court must consider whether it should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any other claims Talbot may have under Montana law.

Section 1367 provides that where a district court has original jurisdiction in a civil action it shall also have supplemental jurisdiction over other claims "that

14

are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a).   However, the district court may decline to exercise supplemental jurisdiction for various reasons stated in the statute, including when "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3).  Supplemental jurisdiction under 28 U.S.C. § 1367(a) is discretionary, and courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims."  *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).

Because the Court recommends dismissing all of Talbot's federal claims, it is further recommended that the District Court decline to exercise supplemental jurisdiction over Talbot's state law claims pursuant to 28 U.S.C. § 1367(c)(3). Any claims Talbot may have under Montana law are matters of state and local concern, and are more properly addressed in the courts of the State of Montana.

## V.  CONCLUSION

Based on the foregoing, the Court finds that Talbot's allegations fail to state any plausible claim for relief under 42 U.S.C. § 1983 against any of the named

Defendants.  Several Defendants are immune from liability, and Talbot's factual allegations fail to implicate any protected constitutional right that Defendants could have violated.  Therefore, IT IS HEREBY RECOMMENDED that Talbot's complaint be DISMISSED under authority of 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii).

In considering dismissal under 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Here, under the circumstances of the facts as alleged by Talbot, the Court finds she could not cure the defects in her claims by pleading additional facts. Therefore, the Court recommends dismissal of Talbot's complaint without leave to amend.

DATED this 22nd day of May, 2012.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge