FILED

JUN 14 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| NANCY TALBOT, | CV 12-48-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER |
| JOE CHEEVERS; LINCOLN COUNTY COMMISSIONERS; LINCOLN COUNTY JUSTICE SYSTEM (JUSTICE AND DISTRICT COURTS); LINCOLN COUNTY SHERIFF'S DEPARTMENT; LINCOLN COUNTY ATTORNEYS' OFFICE; TOM HARMOND, State Brand Inspector; STATE BRAND INSPECTORS' OFFICE; STORMY LANGSTON, Justice Court Judge; TERRY UTTER, former Justice Court Judge; JUDGE PREZEAU; JUDGE WHEELIS; and MONTANA SUPREME COURT, | |
| Defendants. | |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and

Recommendations on May 22, 2012, in which he recommends dismissal of

Plaintiff Nancy Talbot's Complaint because Talbot's allegations fail to state a

claim for relief against any of the named Defendants. Plaintiff Talbot did not

-1-

timely object[1] to the Findings and Recommendation, and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Talbot's claims arise from the alleged theft and abuse of Talbot's horse by Defendant Joe Cheevers. All other Defendants are government actors. Judge Lynch construed Talbot's Complaint as alleging civil rights claims against the governmental Defendants under 42 U.S.C. § 1983 for their alleged failure to properly investigate and prosecute the horse theft, and state claims seeking to recover damages against Defendant Cheevers. After preliminary screening of the Complaint, Judge Lynch concluded that Talbot has failed to state a claim against any of the governmental Defendants. He determined that the state courts, the State Brand Inspector's Office, and the state judges are all immune from suit under these circumstances. As to the remaining governmental Defendants, Judge Lynch found

---

[1] Plaintiff Talbot filed untimely objections that were received by the Court on June 11, 2012. The deadline for filing objections was June 8, 2012. Plaintiff Talbot's objections do not address the legal basis for Judge Lynch's recommendation, and contain nothing more than unfounded accusations of bias and corruption against this Court and others. Because the Plaintiff's objections are untimely, and because they do not state a proper legal objection, they will not be considered.

that Plaintiff Talbot has failed to state a claim because there is no constitutional right to have a criminal investigation or prosecution initiated against another person. With regard to Defendant Cheevers, Judge Lynch concluded that Plaintiff Talbot may not maintain a § 1983 action against Cheevers because he is a private citizen. Because there are no viable federal claims, Judge Lynch recommends that this Court decline to exercise supplemental jurisdiction over any state law claims against Defendant Cheevers. Judge Lynch recommends dismissal without leave to amend because it does not appear that the Plaintiff could cure these defects by pleading additional facts.

The Court can find no clear error with Judge Lynch's Findings and Recommendations (Doc. No. 4), and therefore adopts them in full.

Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED for failure to state a claim. The Clerk of Court is directed to enter a judgment of dismissal and to close the case file.

DATED this 14th day of June, 2012.

Dana L. Christensen, District Judge
United States District Court